The next case up for oral argument is Appeal No. 25-1695, Priddle v. U.S. Department of Labor. Good morning, Ms. Priddle. Good morning. Can everyone hear me okay? Yes, fine. You may proceed. Forgive me, I have to learn how to use this new technical device here. I used to joke to my co-pilots, if you ever flew jet engines, my voice falls in the range you can't hear. Well, I couldn't hear any of you this morning and your clerk was kind enough to help me out with this. I think I've got it down. You may proceed. Good morning. Your Honor, may I please have the court? Every important story begins by identifying the actors. So I will start by identifying the parties here. I am the only captain who ever landed a Boeing 767 with a split elevator and gotten it on the ground in one piece. Every other airplane with that malfunction crashed and killed everyone on board. Intervenor United Airlines are the folks who lied about it to the investigators, covered it up, attempted to smuggle the flight data recorder out of Canada by passing it through the cockpit window of an outbound flight to avoid the sealed customs manifest, later hid the flight data recorder in the office of the safety manager, locked me out of official FAA-mandated safety reporting programs, hid my safety report from the FAA, and papered over the whole thing to the international regulators, while also lying to me and claiming that my report had been submitted properly, all of which is proven in the record. As the record clearly shows, highlighted by my safety reports, the Department of Labor and government defendants are the parties who operate the OALJ tribunal, which operate under their own rules to administer the Air 21 laws, a system so far removed from federal rules of evidence and federal rules of civil procedure that it is impossible for an ALJ to enforce a subpoena, that they could not control repeated flagrant and outrageous discovery abuses, including 170,000-page document dumps of unfiltered, unsorted, often handwritten materials, most of it PDF scans of handwritten materials which could never be sorted by any document sorter or AI, while steadfastly refusing to produce the documents they were ordered to produce. Failure to comply with orders during discovery, and repeated flat-out lies to the tribunal. For example, claiming for two years that the critical maintenance release document, MRD, did not exist on legacy, that's pre-merger, United flights, with complicated changing stories to the judge about how I did not know what I was talking about when I, and every other one of the 17,000 United pilots, know full well that a flight cannot be released without the captain's review of the MRD. This requirement has been in the flight operations manual since well before my career began, and possibly dating back to Wilburn Orville, I believe. And yet, United lawyers spent time and money and tens and tens of thousands of dollars. Judge Rovner, we can't hear you. Oh, dear. There we go. We can hear you now. Ms. Priddle, forgive me, but your time is so limited, and I really do have a question that I would appreciate your answering. You know, the general federal rule of appellate procedure provides that for a paper not filed electronically, filing may be accomplished by mail addressed to the clerk, if received within the time of filing. But our circuit rule, 25 A and B, narrows that and provides that all documents must be filed electronically, except for documents submitted by unrepresented litigants who are not themselves lawyers. Given the status here as a pro se lawyer, wasn't electronic filing required and was that attempted? And do you think that is why the clerk's office rejected the attempted filing on April 14th, because an electronic filing was required? Your Honor, let me break down my answer. I don't recall the date specifically, but I do recall that I came here to the clerk's office originally to file the papers because my experience had been in filing in the Northern District, and I thought I could get them time stamped and turn them in. And they explained to me that, no, they could not accept them, but that I had to mail them in. And so I mailed them in. And then later in discussing the rules, and I did explain to the clerk that I had been unable to file them electronically, I believe because I was not then an attorney admitted before the court, because I don't recall the dates off the top of my head, but the clerk's office was very helpful with me and your technical support that once I was filed to then become admitted before the court, and then I could file electronically. Does that answer your question, Your Honor? Yes, thank you. Okay. The OILJ rules, I'd like to make a note from Jarcasey, that if administrating proceedings like Mr. Jarcasey's seem a thoroughly modern development, the British government and its agents engage in a strikingly similar strategy in colonial America. The tribunals lack juries, they lack truly independent judges, and the procedures materially differed from those in everyday common law courts. This sounds like the OILJ rules to me. Your Honors, this is an aviation safety case brought under Air 21 whistleblower protections. However, the administration of those by the OILJ procedures thwarts the purpose of the actual Air 21 statute itself. And it's my position that this decision, the decision of the OILJ, is not only wrong because it is arbitrary and capricious, but it is unconstitutional because it infringes on private rights under Jarcasey. If you decide against me on the constitutional issue, I respectfully request that denial without prejudice, granting me the right to appeal on traditional grounds of arbitrary and capricious. I am confident that there is enough in the record that I can show arbitrary and capricious. However, if the only remedy is to remand back to a tribunal, which can't enforce a subpoena or enforce discovery abuses, it's going to be a very, very long day. Ms. Priddle, you are in your rebuttal time if you want to save it. I would like to save the rest of my time for rebuttal. Okay. Thank you. Mr. Aguilar, good morning. Good morning. May it please the Court. Daniel Aguilar for the Department of Labor. So the Air 21 Act deals with public rights. It's the channels and instrumentalities of interstate commerce and regulating the safety of those and ensuring, because FAA inspectors can't be everywhere, that the people who do know about potential safety violations have the encouragement to report those to their employers, to the federal government, to ensure that those safety standards are met by ensuring that there's no fear of retaliation or losing your job or hesitation in that moment, which safeguards the sovereign's key interests here. Now, I think that that's why it's a matter of public rights. We can talk about how that's distinguished from jarcossy, which root in soil brought the common law fraud with it to a fairly new standard, and the Court said, you know, that's just taking the common law as you found it. That is a private right. You can do this in district court anyway. This is a unique system whereby Congress vested the Secretary of Labor with this adjudicatory authority precisely because the common law was not sufficiently dealing with these problems at the time, and there needed to be additional protections that Congress created. We've got a number of procedural impediments to reaching the merits of the Constitution. Exactly, Your Honor. I think there are three threshold grounds on which you don't even need to get to that point. The first is the timeliness issue, is that the Air 21 Act provides that any petition in this court needs to be filed 60 days after the Administrative Review Board's decision. Here, the petition was filed on day 61. That's untimely. I don't think you need to get to whether that's a jurisdictional rule or a claims processing rule because it would be the same result under either one. I think Ms. Priddle's point to be that— And Rule 26 makes clear that we can't extend that. That's exactly true, and that's what this court reached, I believe, in the Sankara-Pilla decision, the immigration decision, and the First Circuit reached the same conclusion in Gonsalves v. Bondi late last year. So I take it from what you just said, that you would agree that the language here would establish that the 60-day filing deadline is not jurisdictional as opposed to a claims processing rule. Yeah, I think given the current trend in the case law, if this court or the Supreme Court were to reach that distinct delineation, it probably would end up as a mandatory claims processing rule. This court and the Supreme Court recently have said there needs to be capital J jurisdictional language and indications. However, we recognize that there is existing precedent from this court predating those decisions that denotes very similar statutes to be jurisdictional. So I don't mean to anticipate which way this court would rule because at the bottom, regardless of whether it's jurisdictional or a mandatory claims processing, assume the lower threshold, it's a mandatory claims processing rule. We've timely asserted it. We did it at the first opportunity in our brief. I know Ms. Priddle suggests we should have done it earlier in requesting an extension or the certificate of the index, but this was our first merits filing. We raised it here. It's timely and presented before the court, and therefore it's inalterable. The court has a duty to apply the statute as it's written. Would there be any equitable tolling arguments if it's claims processing? Not if it's a mandatory. Does the rule preclude that? I think because it's a mandatory rule, it says, you know, shall file, must be filed within 60 days. The Supreme Court has said, you know, I think it's in the NutraCertical v. Lambert decision. We didn't cite it in the briefs, but it's a decision that sort of addresses this. It compares that to other rules and statutes which expressly provide unless good cause permits an extension of the filing or filing at a time, and citing those as examples of that denotes the availability of equitable tolling, but you don't have that language here. And so under Ross v. Blake, the Supreme Court's decision, the court cannot invent atextual exceptions to the mandatory claims processing rule. Instead, you look to the text as it's written, and then if there is an exception, I think in Ross v. Blake it was remedies available. So if no remedies are available, then you need not comply with that portion of the statute, but there's nothing here which would permit the equitable tolling. That's on the timeliness. Then the two other, I think, threshold grounds would be both consent to adjudication by the Secretary and forfeiture of the issue, right? We think this is a public rights scheme, but let's take Ms. Priddle's arguments on the terms that she asserts them. She claims that this is a private right, that she could have brought a common law of breach of contract or tortious interference. Assuming that to be true, for the sake of argument, then she could have brought a claim in state court. Or if she met the diversity requirement, she could have brought a claim in district court under that. But she chose instead to come to the Department of Labor to adjudicate those claims, to ask for an ALJ hearing, to ask for a board review, and only after she received three disappointing decisions to her, asserted for the first time here that the system was unconstitutional. This court in the Formella v. Department of Labor decision said that's too late in the day to be raising this for the first time in the brief. And consent, as the Supreme Court and this court have noted in multiple cases involving the bankruptcy courts and the magistrate judges, is a successful implication that one could have, which means you do not necessarily need the Article III adjudication. And then the last point would just be forfeiture. She did not raise this constitutional objection during the administrative proceedings in Formella II. It was saying that there was no objection raised at the time. This court reached the same decision in the Richer v. Moorehead case. And the regulation 20- That would only apply if the claimant were dragged into the administrative process. Here she chose it, so there's a waiver. She chose it. I think that's easier. They reinforce each other. And I think that's also saying that's why it's also underscoring why it's a public right. It's something that if you can't- or even on her theory, you're choosing to go through this system because it's something that Congress created that was new and novel and has particular procedural requirements that don't concern with general employment law but rather the federal air safety aviation standards. And that's why I think there are multiple ways to write this opinion in favor of the government. We ask that you deny or dismiss the petition. Thank you. Thank you. Ms. Priddle, you have a little bit of time left. Oh, we have a- Oh, I'm sorry. Sorry, I did not mean to ignore you. Ms. Dolff, go ahead. Thank you. May it please the Court. I want to begin by first putting on the record that we respectfully disagree with petitioner's accounting of how the procedures went in this instance. If anything, petitioner had one of the more robust experiences, I would say, under the Air 21 administrative adjudication, including three separate weeks of trial before an ALJ. And the rules that she referenced that apply in the ALJ context here are actually more permissive than actually in federal courts. So, for example, they allow hearsay and all those kinds of things. So, from our perspective, she received exactly, and if not more, the adjudication that Congress contemplated when it created this Air 21 structure. I agree that it's also a public rights structure in that petitioner had available to her other causes of action that she did not pursue at the outset. And certainly, this is in the exclusive purview of the federal government. Back in the times of Westminster, we did not have, obviously, airlines and airline safety concerns. And this was created exclusively to manage that piece. I will add, in my examining whether the timeliness was a subject matter jurisdiction or a claim processing issue, I actually came out on the side of subject matter jurisdiction because this is a provision that says it's basically taking from the adjudication process another piece of the adjudication and handing it to the Article III courts to review. And if you look at some of the other case law in this area, I would cite, and again, we didn't brief this, but for some reason I thought it might be an issue, Jones v. DOJ, 2005, Westlaw 905459, obviously unpublished, but it found this exact same part of 26B to be statutory, mandatory, and jurisdictional. There's also, if you look at the case law of Fort Bend County, Texas v. Davis, that's obviously a seminal case saying that EEOC procedures are really claims procedures, and if you don't raise those objections early enough in the process, it's not jurisdictional, it's a claims processing issue, and that defense can be waived. Here, obviously the rule provides very clearly that this is not a deadline that can be moved for any reason by the appellate court, and so in that instance, I think there isn't this flexibility that is given in the context of a claims processing procedure. I think we're much more squarely in a jurisdictional kind of concept. And then lastly, there's another case that's focused on, at one point, Petitioner argued that there was diversity jurisdiction to be before this panel, and that's, from our view, incorrect, and also sort of consistent with looking at this from a subject matter jurisdiction perspective. Elgin v. Department of Treasury, 567 U.S. 1, 2012. In that instance, someone tried to take a case out of the administrative process straight to a district court, and it was very clear in the statute that the jurisdiction only went up through and over to a circuit court. So in that instance here, we would ask that the government, or excuse me, we would ask that the court dismiss her petition because, from my perspective, it lacks subject matter jurisdiction. But in the event you review it, certainly Petitioner here consented to, participated in, and waived any argument over Article III and having a jury trial. Thank you. Thank you. Ms. Priddle, now it's you. Your Honor, I think I fully briefed my response, and I hope adequately answered the Justice's question about the submission and the timing issue. After reviewing in detail the Federal Rules of Appellate Procedure, I believe that I should have been able, as a pro se applicant, to have handed those copies to the clerk, but that's fully briefed, and I won't address that now. I do want to talk about something I know a great deal about, which is aviation safety. I have with me here Michael Borfuss, who is my expert witness, and although this is the first time in eight years of litigation I have ever appeared before Article III judges, I will cede my time to the man who certified the 767 for Boeing and later regulated it for the FAA. But this is not a public law issue. The FAA does a wonderful job of regulating safety. There are certain things manufacturers do, and there are certain things operators do. Similarly, the FDIC does a great job of regulating banks, but a bank robbery is still a bank robbery, and the clerk who embezzles the funds is still embezzling the funds, and those are private rights and private wrongs, as the case may be. The distinction is that this is a case of fraud, maintenance fraud, and Congress passed Air 21 to help airline employees who reported wrongdoing and who reported fraud because in the interest of aviation safety they wanted to assist airline employees whom they knew were at a great disadvantage in doing the right thing and reporting that. Congress does not have the authority to limit constitutional protections. I don't think they intended to with the Air 21 statute, and even if they did intend to, they certainly did not have the authority to. And therefore, consistent with Charcasi, which we all know had not been decided at the time I filed my claims, I believe that it is required to reconcile Air 21 with Charcasi to remand this decision to grant me a new trial with Article III judges and full FRE and federal rules of civil procedural protection. Thank you, Ms. Brittle. Thank you, Your Honor. The court will take the case under advisement.